IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARETHA R. BENNETT, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-240-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Aretha R. Bennett has filed a *pro se* action against the "Commissioner of Social Security" that is now before the undersigned United States magistrate judge for all proceedings under 28 U.S.C. § 636(c). *See* Dkt. No. 26.

The Court granted her leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and Ms. Bennett filed verified responses to the Court's screening questionnaire, *see* Dkt. No. 8, which prompted the Court to require that her complaint be served, *see* Dkt. Nos. 9-14. The Commissioner answered. *See* Dkt. No. 16. And Ms. Bennett has moved to transfer this action to the Northern District of Florida, *see* Dkt. No. 21 – a request that the Commissioner does not oppose, *see* Dkt. Nos. 22 & 23 – and has filed an opening brief, *see* Dkt. No. 23; *see also* Dkt. No. 19.

For the following reasons, the hearing decision is affirmed in all respects, and, to the extent asserted, any claim against the Commissioner is dismissed.

## Applicable Background

Ms. Bennett's complaint references a "Social Security Decision Dated December

11, 2017," and she asserts that she does not "feel that the decisions on my claim was a fair decision." Dkt. No. 1 at 2. But, while the rest of the complaint outlines difficulties attendant to Ms. Bennett's living conditions, she does not explain why the Commissioner's decision was not "fair" – "Please carefully review and reconsider the Administrative [L]aw Judge[']s decision. I do not know however what the criteria for the term disabled is however; so in this case I am asking the court to have a look at the situation that I am in." *Id.* at 3.

The decision referenced in the complaint matches the December 7, 2017 decision of the Appeals Council affirming the September 29, 2017 decision of an administrative law judge ("ALJ"), who concluded that Ms. Bennett "has not been under a disability within the meaning of the Social Security Act since October 30, 2014, the date the application was filed." Dkt. No. 18-1 at 13; *see id.* at 4-20.

In her opening brief, Ms. Bennett again fails to explain why the ALJ's decision should be reversed and remanded for further proceedings but again catalogues hardships in her life dating back to 2003. *See* Dkt. No. 23.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

The Commissioner's determination is afforded great deference. *See Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

That Ms. Bennett is proceeding *pro se* in this appeal of the ALJ's decision imposes an additional layer of consideration for the Court.

As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social

-3-

Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). More often than not, *pro se* litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation.

Courts must construe *pro se* pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the undersigned follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the undersigned elects to examine the decision to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the

subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.* In following this approach, the undersigned will engage in three critical inquiries:

> 1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?
>
> 2. Were the Commissioner's critical fact findings made in compliance with applicable law?
>
> 3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

## Analysis

Even affording Ms. Bennett the more lenient approach outlined immediately above, because the Commissioner has followed the applicable protocol, regulations, and polices; because her fact finding complies with applicable law; and because those findings are supported by substantial evidence, the hearing decision is affirmed in all respects.

And to the extent that Ms. Bennett is asking for more than a review of the hearing decision and has thus sued the Commissioner in her official capacity – as she does not allege that the Commissioner, individually, has harmed her, *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam) (because, in this circuit, "[a] person's capacity need not be pled except to the extent to show jurisdiction of the court," "[t]he allegations in the complaint must be examined in order to determine the nature of the

plaintiff's cause of action"(citing FED. R. CIV. P. 9(a)) – "a civil rights action against the United States is barred by sovereign immunity," and an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),"only supports a claim against government officers in their individual capacities," *Thomas v. Colvin*, Civ. A. No. 15-0026, 2016 WL 1020749, at *8 (W.D. La. Feb. 2, 2016), *rec. accepted*, 2016 WL 1057455 (W.D. La. Mar. 14, 2016) (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)); *see also Quansah v. Comm'r, Soc. Sec. & Disability Admin.*, No. 5:13-cv-05940 EJD, 2014 WL 2214035, at *4 (N.D. Cal. May 28, 2014) (A *Bivens* action"may not lie for administrative violations of the Social Security Act because 'Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration.'" (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423-25 (1988))).

Finally, considering that, because Ms. Bennett resided in Dallas at the time the complaint was filed, venue was proper in this Court then, *see* 42 U.S.C. § 405(g), although an unopposed motion to transfer venue is pending, the Court finds it to be "in the interest of justice," 28 U.S.C. § 1404(a), to resolve this action here without the need for transfer. And the resolution of this action in favor of the Commissioner now, before the deadline for her to file a brief in response, *see* Dkt. No. 19, certainly does not prejudice the Commissioner.

**Conclusion**

The hearing decision is affirmed in all respects, and any claim asserted against the Commissioner is dismissed.

SO ORDERED.

DATED: June 8, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE